**PLEA PACKET MEMO**

DEFENDANTS:

**JENTEX CONSTRUCTION, INC.
KPS TEXAS DEV., INC.
SOVEREIGN PARTNERS, LTD.
SANTORINI RE INVESTMENTS, LTD.**

United States District Court
Southern District of Texas
FILED
MAY 11 2010
David J. Bradley, Clerk of Court

CASE#           B-07-657 S2

The Defendants KPS Texas Dev., Inc., and Santorini RE Investments, Ltd. will plead guilty to Count 1. The case as to Sovereign Partners, Ltd. will be addressed below.

The Defendant Jentex Construction, Inc. will apply for Pre-trial diversion and must take the steps necessary to be accepted into this program by Pre-Trial Services.

The Defendants will agree to the forfeiture or restitution of the following assets:

1. The Bayview ranch consisting of approximately 1020.83 acres, listed as assets 1 -21.
2. Assets 22, 23, and 25.
3. All Defendants will waive appellate rights
4. The United States will dismiss the remaining counts as to these Defendants
5. ~~Other Fines or restitution is left to the discretion of the Court~~ [struck through, initialed BH CAP]
6. The United States will dismiss all charges against the Defendants 1999 Trust #1, 1999 Trust #2, Island Daze, and Big S Rentals, Inc.

The Defendants agree the included Factual Summary in Paragraph One below accurately represents said Defendant's involvement in the crime, as shown by the United States' evidence, to which said Defendant is pleading guilty and that the plea agreement accurately describes each Defendant's plea agreement with the government. A complete written plea agreement is attached.

_[signature]_ _[signature]_
Defendant KPS Texas Dev., Inc.

_[signature]_ _[signature]_
Defendant Santorini RE Investments, Ltd.

_[signature]_
Defendant Jentex Construction, Inc.

_[signature]_
Counsel for Defendants

_[signature]_
Assistant United States Attorney

United States District Court
Southern District of Texas
FILED

MAY 11 2010

David J. Bradley, Clerk of Court



United States District Court
Southern District of Texas
FILED

MAY 11 2010

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-07-657-S2 |
| | § | |
| JENTEX CONSTRUCTION, INC.<br>KPS TEXAS DEV., INC.<br>SOVEREIGN PARTNERS, LTD.<br>SANTORINI RE INVESTMENTS, LTD. | §<br>§<br><br>§ | |

## PLEA AGREEMENT

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Texas, and the undersigned Assistant United States Attorney, and the Defendants Jentex Construction, Inc., KPS Texas Dev.,Inc., Sovereign Partners, Ltd., and Santorini RE Investments, Ltd., and the Defendants' counsel, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and state that they have entered into an agreement, the terms and conditions of which are as follows:

1. The Defendants KPS Texas Dev., Inc., and Santorini RE Investments, Ltd., agree to plead guilty to Count One. The Indictment charges KPS Texas Dev., Inc. and Santorini RE Investments, Ltd., in Count One with <u>conspiring to commit offenses against the United States, including bank fraud, mail fraud, wire fraud and bankruptcy fraud</u> in violation of Title 18, United States Code, § 371. The Defendants agree that any restitution owed is satisfied by the transfer of Assets 1-23, and 25 to the Bankruptcy Trustee Michael Schmidt in a related civil action, <u>Schmidt v. Sweezy, et al.</u>, cause #09-CV-00052, Brownsville Division, S.D. Texas. The Defendants agree that the following Factual Summary accurately summarizes the facts that the United States can prove at trial, and their individual involvement in the charged crimes:

## FACTUAL SUMMARY

1. During the time period alleged in Count One, Mitchell Kent Sweezy and Claude McMillon were involved in a scheme to obtain bonding from AIG and loans from federally insured banks for Sweezy Construction Company, Inc. ("SCI"), using false financial statements. This scheme produced large cash proceeds from construction contracts. SCI collapsed in August, 2001, which led to various lawsuits against Mitchell Kent Sweezy and SCI by AIG and lending institutions. Prior to and after the initiation of these lawsuits Mitchell Kent Sweezy transferred proceeds from the scheme and other assets to the Defendant Santorini. It was part of the conspiracy, and reasonably foreseeable to all parties, that U.S. mails, interstate wire facilities and private commercial interstate carriers would be used to facilitate the fraudulent scheme.

2. In the fall of 1999 the Defendant Mitchell Kent Sweezy established a trust structure as set out in the indictment. In the year 2000 he acquired a large ranch in Cameron County using SCI funds in the amount of approximately $127,000.00, and a note for $723,000.00 which he signed on his and Santorini's behalf. The ranch was placed in the name of the Defendant Santorini, a limited partnership in the trust structure that he controlled through his status as President of the Defendant KPS, which in turn was the general partner of Santorini. Following the acquisition, the Defendant Mitchell Kent Sweezy transferred to Santorini for no consideration SCI resources in the form of lease payments for $8,000.00 a month, a multi-mile caliche road estimated by the United States to have cost $315,000.00, and a mobile home insured for approximately $50,000.00, and additional cash infusions of approximately $67,000.00, in the total amount of no less than $522,000.00, during the time period of 2000 - August, 2001. In addition, the Defendant Mitchell Kent provided for the payment of approximately $46,000 in ranch expenses and provided for the construction of a large metal barn on the ranch, along with additional land. The transfers to Santorini reflected in this paragraph are no less than $825,000.00, exclusive of the note.

3. Just after the failure of SCI in August, 2001, the Defendant Mitchell Kent Sweezy and his former spouse began transferring assets to the Defendant Mitchell Kent Sweezy's adult son and to the trust structure. These transfers started on August 15, 2001, the day that AIG representatives arrived at SCI headquarters in Cameron County, Texas, following SCI's request for financial assistance made earlier that month to AIG. On August 15, 2001, with a $400,000.00 cash transfer from his personal account to a Santorini bank account, and continuing through April, 2004, the Defendant Mitchell Kent Sweezy transferred in excess of $750,000.00 in cash to Santorini accounts for no consideration.

4. Portions of the funds noted above were transferred back to the control of Mitchell Kent Sweezy, who used his authority as President of KPS to make these transfers from the Santorini bank accounts. The criminal liability of KPS arose during the time period of these transfers while Mitchell Kent Sweezy was President of KPS, and not from the conduct of his adult children. The role of KPS in the conspiracy was to control assets of the

Defendant Mitchell Kent Sweezy and his former spouse, and assets of SCI hidden in the trust structure from the creditors of the Defendant Kent Sweezy and SCI. The role of Santorini was to hold assets so hidden in the trust structure and to disburse portions of these assets back to Mitchell Kent Sweezy.

5. The Defendant Mitchell Kent Sweezy and his former spouse transferred real estate assets to the Defendant Mitchell Kent Sweezy's adult son on November 2, 2001, with the transfer of several pieces of real estate for no consideration, and apparently without the son's knowledge. The purpose of these transfers was to hide these assets from creditors of Mitchell Kent Sweezy.

2. In exchange for the Defendants' pleas of guilty and truthful testimony to the Court at the time of the Defendants' re-arraignment and sentencing and for the Defendants' truthful rendition of facts to the U. S. Probation Department for the preparation of the Defendants Pre-sentence Investigation Report, the United States will dismiss Counts 2,3,4, 5, as to <u>all defendants named therein. Further, the United States will move to dismiss all charges against Defendants 1999 Trust #1, 1999 Trust #2, Big S Rentals, Inc., and Island Daze. Upon a successful completion of Pre-Trial Diversion, the charges against Jentex Construction, Inc., will be dismissed. The United States further agrees to dismiss Sovereign Partners upon a sworn statement of its authorized agent listing all assets in which Sovereign Partners has an interest, and which further shows that except the assets noted in the indictment, Sovereign Partners does not have or control other significant assets. The United States agrees to not further prosecute the Defendants in the Southern District of Texas for offenses known to it arising out of this investigation at the time of the pleas of guilty.</u>

3. The Defendants Jentex Construction, Inc., KPS Texas Dev., Inc.,Sovereign Partners, Ltd. [if not dismissed] ,and Santorini RE Investments, Ltd., face the following penalties:

3

   a. a fine of not more than $500,000.00 or not more than twice the gross gain to the Defendant or not more than twice the gross loss to victims of the offenses, as provided by Title 18, United States Code, Sections 3571 et seq.

   b. a period of supervised release of <u>not more than three (3)</u> years

   c. forfeitures as allowed by law

   d. restitution as provided by Title United States Code, Sections 3556, 3663A and 3664.

   e. a mandatory assessment of $400.00 for per count of conviction as required in Title 18, United States Code, Section 3013(a)(2)(A).

   6. The payment of restitution will be by certified check payable to the United States District Clerk, Brownsville, Texas 78520, or as otherwise directed by the Court.

   7. The Defendants agree that any fine or restitution imposed by the Court will be due and payable immediately, and Defendants will not attempt to avoid or delay payment.

   9. Defendants agree to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendants' sentence, the Defendants shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following their sentencing.

   10. The Defendants further agree to persist in their pleas through sentencing and **<u>not oppose the forfeiture of assets contemplated in this agreement and /or provide restitution as ordered by the court. Upon the entry of pleas under this agreement the defendants will provide immediate access to the Bayview Ranch for purposes of inventory by Bankruptcy Trustee Mike Schmidt.</u>**

   11. The Defendants agree that this plea agreement binds only the United States

Attorney for the Southern District of Texas and the Defendants. It does not bind any other United States Attorney or any other unit of the Department of Justice.

12. The Defendants are aware that Title 18, U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. The Defendants agree to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 U.S.C. § 3742.** Additionally, the Defendants are aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The Defendants waive the right to contest their convictions or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. §§ 1651 and 2255**.

In exchange for the Agreement with the United States, the Defendants waive all defenses based on venue, speedy trial under the Constitution and Speedy Trial Act, and the statute of limitations with respect to any prosecution that is not time barred on the date that this Agreement is signed, in the event that (a) any Defendant's conviction is later vacated for any reason, (b) any Defendant violates any provision of this Agreement, or (c) any Defendant's plea is later withdrawn.

13. In agreeing to these waivers, the Defendants are aware that a sentence has not yet been determined by the Court. The Defendants are also aware that any estimate of the possible sentencing range under the sentencing guidelines that the Defendant may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, did not induce that Defendant's guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendants will receive, except as to restitution noted above. The Defendants further understand and agree that

5

the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, the Defendants understand that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing the Defendants, the Court is not bound to follow the Sentencing Guidelines nor sentence any Defendant within the calculated guideline range.

14. The Defendants understand and agree that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in paragraph 2 of this plea agreement.

15. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with the Defendants' counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C.§ 3553(a).

16. The Defendants are aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). The Defendants KPS Texas Dev., Inc., and Santorini RE Investments, Ltd., nonetheless acknowledge and agree that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendants KPS Texas Dev., Inc., and Santorini

6

RE Investments, Ltd., have plead guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. As to Jentex Construction, Inc., the United States understands that Jentex Construction, Inc. is applying for Pre-Trial diversion and will not be sentenced at this time. Upon successful completion of this program, the charges against Jentex Construction, Inc. will be dismissed. Jentex agrees to voluntary payments to HSBC in the amount of $138,000.00. The Defendants understand and agree the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge, except as noted above. If the Court should impose any sentence up to the maximum established by statute, the Defendants KPS Texas Dev., Inc., and Santorini RE Investments, Ltd., cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

17. Defendants represent to the Court that they are satisfied that their individual attorney has rendered effective assistance. The Defendants understand that by entering into this agreement, they each surrender certain rights as provided in this plea agreement. The Defendants each understands that the rights of a Defendant include the following:

(a) If a Defendant persisted in a plea of not guilty to the charges, that Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against a trial Defendant. A trial Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In

turn, a trial Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for a trial Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, the Defendants could decline to produce any evidence or testimony, and no inference of guilt could be drawn from such refusal. However, if the Defendants desired to produce evidence, they could.

18. If any Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and said Defendant's plea and sentence will stand. If at any time any Defendant retains, conceals or disposes of assets in violation of this plea agreement, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by any Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against said Defendant in any prosecution.

19. This written plea agreement, consisting of 12 pages, including the attached certifications of Defendants and their own attorneys, constitutes the complete plea agreement between the United States, the Defendants Jentex Construction, Inc., KPS Texas Dev., Inc.,and Santorini RE Investments, Ltd. and each Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. The Defendants acknowledge that no threats have been made against them and that each Defendant is pleading guilty freely and voluntarily because each Defendant is guilty.

20. Any modification of this plea agreement must be in writing and signed by all parties.

_____
Defendant KPS Tex Dev., Inc.

_____
Defendant Jentex Construction, Inc.

_____
Defendant Santorini RE Investments, Inc.

APPROVED:

_____
Assistant U. S. Attorney

_____
Attorney for Defendants Santorini RE Investments, Inc.,
KPS Tex Dev., Inc., and
Jentex Construction, Inc.

9

## CERTIFICATION BY THE Defendant KPS Tex Dev., Inc.

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____  5/11/10
For Defendant KPS Tex Dev., Inc.         Date

## CERTIFICATION BY THE Defendant Santorini RE Investments, Ltd.

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____    5/11/10
For Defendant Santorini RE Investments, Ltd.    Date


CERTIFICATION BY THE Defendant Jentex Construction, Inc.

I have consulted with my counsel and fully understand all my rights with respect to the charge(s) pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and Policy Statements which may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and I voluntarily agree to it.

_____    5/11/10
For Defendant Jentex Construction, Inc.    Date

11

## CERTIFICATION BY ATTORNEY

I have fully explained to the Defendants KPS Tex Dev., Inc., Jentex Construction, Inc., and Santorini RE Investments, Inc. their his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the Defendants the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the Defendants. To my knowledge, the Defendants decision to enter into this agreement is an informed and voluntary one.

_____          _____5/11/10_____
Counsel for Defendants                                    Date

Santorini RE Investments, Inc.,
KPS Tex Dev., Inc., and
Jentex Construction, Inc